124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Martin PAVEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70919.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Agi-odb-xkm.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Marin Pavel, a native and citizen of Romania, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a). We review the BIA's findings regarding Pavel's statutory eligibility for asylum for substantial evidence, see INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992), and we deny the petition.
 
 
 3
 Assuming Pavel could successfully make out a claim that his alleged beating and other harassment amounted to persecution under the statute, he still failed to show that he had a political opinion, or that his alleged persecutors imputed any political opinion to him. See Sangha v. INS, 103 F.3d 1482, 1490 (9th Cir.1997). Moreover, the record does not show that he was harassed on account of any of the other statutory categories eligible for asylum. See Elias-Zacarias, 502 U.S. at 482. Accordingly, substantial evidence supports the BIA's conclusion that Pavel failed to show statutory eligibility for asylum. See id. at 481.
 
 
 4
 Pavel's contention that he is eligible for withholding of deportation fails because he cannot meet the higher standard of clear probability of future persecution necessary for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 5
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3